JOSEPH W. WIRTH, Respondent, *v.* PRENYL, S.A. et al., Appellants.

First Department, March 21, 1968.

*Herbert F. Roth* of counsel (*Alan M. Gelb* with him on the brief; *Amen, Weisman, Finley & Butler,* attorneys), for appellants.

*Roy L. Weiss* of counsel (*Eiber, Okin, Rafsky & Feldman,* attorneys), for respondent.

TILZER, J. In 1959 Prenyl, S.A., an Argentinian corporation, entered into a contract with Von Kohorn International Corporation (hereinafter "Von Kohorn"), a New York corporation having its principal place of business in Westchester County in this State, for the construction by Von Kohorn of a nylon yarn plant in Argentina. To effectuate payment, a series of promissory notes was executed in Argentina and delivered by the defendants, domiciliaries of the Republic of Argentina, to a Buenos Aires bank, which in turn forwarded the notes to Manufacturers Trust Company of this city. The latter was to deliver the notes to Von Kohorn upon presentation of bills of lading and sight drafts (as evidenced by the receipt of the Midland Bank Ltd., of London, England, covering the shipment from the United Kingdom to Buenos Aires of machinery and equipment for the manufacture of nylon yarn cloth). The Trust Company was instructed to insert in the notes, prior to release, the date from which interest would be computed, such date to correspond to the date of the bill of lading. Each of the notes required payment to be made at Manufacturers Trust Company in this city, upon maturity.

The instant action is brought on one of these promissory notes, dated November 15, 1959, and delivered to the payee Von Kohorn in New York on January 12, 1961, payable November 15, 1961. On June 30, 1961, this $4,000 note was assigned to the plaintiff, the treasurer of Von Kohorn, a New York domiciliary. On the due date the note was presented to Manufacturers Trust Company, but payment was refused. Action was commenced by

plaintiff in March, 1966 by personal service upon defendants in Argentina.

The fact that such note was delivered, completed and made payable in New York, and that breach of payment occurred here, are entirely insufficient in themselves to confer jurisdiction upon the courts of this State under CPLR 302 (subd. [a], par. 1). Nor are the scales tipped in favor of subjecting defendants to jurisdiction by the additional fact that the place of payment, New York, was not a fortuitous event, but was intentionally designed to accommodate plaintiff's assignor to avoid taxes in Argentina. The totality of these circumstances does not constitute transacting business in this State under our long-arm statute. (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 319.)

The activity in which the defendants engaged in this jurisdiction, that is, payment here for machinery and equipment shipped from the United Kingdom to Argentina pursuant to a contract made with Argentinian domiciliaries to be performed in Argentina, was not of that special quality sufficient to render them subject to personal jurisdiction in this State. New York was not chosen as the place of payment for the installation of the Argentinian plant to enable the defendants to avail themselves of the privilege of doing business in this State. The choice of New York as the place of payment was to accommodate the payee, a courtesy extended to permit it to avoid taxes in Argentina. Commercial benefit did not accrue to the defendants by fixing the place of payment in New York, nor was the protection of our laws bargained for. The underlying contract between the parties which failed of performance and out of which grew the note in suit provided for arbitration to be conducted by the Argentine Stock Exchange. We conclude that the defendants did not submit to jurisdiction under CPLR 302 (subd. [a], par. 1) by the nature of their activity in New York and that maintenance of the suit here violates constitutional standards of fair play and substantial justice. (*Hubbard, Westervelt & Mottelay* v. *Harsh Bldg. Co.,* 28 A D 2d 295.)

The order appealed from should be reversed, on the law, and defendants' motion to dismiss for lack of jurisdiction should be granted, with costs and disbursements to defendants-appellants.

Botein, P. J., Eager, Capozzoli and McGivern, JJ., concur.

Order entered on May 17, 1967, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and defendants' motion to dismiss the complaint for lack of jurisdiction granted, with $10 costs.